IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No: 7:09-CV-193-BO

| | |
|---|---|
| FRANK A. RIOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFAULT JUDGMENT** |
| ) | |
| CAROLINA YACHT SALES ) | |
| INC. OF THE CAROLINAS, ) | |
| FISHIN DAYS SPORTFISHING, ) | |
| LLC, KAREN LUCAS, and ) | |
| ROBERT LUCAS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the plaintiff's motions for default judgment [DE 54 & 61]. The plaintiff has requested that the Court enter a default judgment against the remaining defendants in this case pursuant to Federal Rule of Civil Procedure 55(b). A hearing was held on the plaintiff's motion in Raleigh, North Carolina on February 27, 2012 at 2:00 p.m.

DISCUSSION

This dispute arises from the plaintiff's attempted purchase of a boat from Robert and Karen Lucas through the use of a brokerage, Carolina Yacht Sales Inc. of the Carolinas, owned by Timothy Day. Plaintiff wired the funds intended for the purchase of the vessel to Fishin Days Sportfishing LLC, another entity owned by Mr. Day. At some point after the purchase funds had been transferred to the brokerage it became clear to the plaintiff that the boat had previously been transferred to a third party and that Mr. and Mrs. Lucas no longer held title to the vessel. The original complaint named additional defendants, including the third party to whom title had been

transferred. However, many of the defendants named in the complaint have been dismissed. At this time, only four defendants remain in this matter: (1) Carolina Yacht Sales Inc. of the Carolinas; (2) Fishin Days Sportfishing LLC; (3) Robert Lucas; and (4) Karen Lucas.

On November 30, 2009, the plaintiff filed a complaint seeking the return of the purchase funds ($26,500), punitive damages ($250,000), and interest. Service was made on Carolina Yacht Sales Inc. of the Carolinas and Fishin Days Sportfishing LLC through the North Carolina Secretary of State on April 14, 2010. Both Robert Lucas and Karen Lucas waived service in this matter.

Federal Rule of Civil Procedure 55(b) provides for the court's entry of default judgment against defendants who have failed to plead or defend their case. Upon default, the facts alleged by the plaintiff in his complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the Court decides whether those admitted facts actually support the claim alleged and the relief sought. *Id.*

Here, the Court finds that the facts alleged in the complaint do support the plaintiff's claims and his requests for relief. At the hearing on this matter, plaintiff's counsel stated that the amount of purchase funds transferred by the plaintiff totaled $26,500.00. Plaintiff's counsel further stated that the attorneys' fees in this case amounted to approximately $8,500.00. Plaintiff's counsel finally offered that punitive damages were appropriate under the claims alleged in the complaint. As such, the Court finds it proper to enter this Default Judgment against the four defendants remaining in this case.

It is hereby ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff have and recover of Defendants Carolina Yacht Sales Inc. of the Carolinas, Fishin Days Sportfishing LLC, Robert Lucas, and Karen Lucas, jointly and severally, the

amount of $26,500.00, plus interest at the legal rate per annum from the date of entry of this judgment until paid;

2. Plaintiff have and recover of Defendants Carolina Yacht Sales Inc. of the Carolinas, Fishin Days Sportfishing LLC, Robert Lucas, and Karen Lucas, jointly and severally, the amount of $8,500 in attorneys' fees and costs, plus interest at the legal rate per annum from the date of entry of this judgment until paid;

3. Plaintiff have and recover of Defendants Carolina Yacht Sales Inc. of the Carolinas, Fishin Days Sportfishing LLC, Robert Lucas, and Karen Lucas, jointly and severally, the amount of $125,000 in punitive damages pursuant to N.C.G.S. § 1D-25, plus interest at the legal rate per annum from the date of entry of this judgment until paid; and

The plaintiff's motion having been granted, the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 28 day of February, 2013.

TERRENCE W. BOYLE
United States District Judge